**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DEBORAH A. WELLS,**

    **Plaintiff,**

v.                                                         **Case No: 8:10-CV-867-T-23AEP**

**ACTION LABOR,**

    **Defendant.**
_____/

**ORDER**

THIS MATTER is before the Court on the *pro se* Plaintiff's Complaint (Dkt. No. 1), and Affidavit of Indigency (Dkt. No. 2), which the Court construes as a Motion for Leave to Proceed *In Forma Pauperis*.

The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. 28 U.S.C. §1915(a)(1). However, when an application to proceed *in forma pauperis* is filed, the Court is obligated to review the case and to dismiss it if the Court determines the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; and/or if the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing the complaint, the undersigned applied the "liberal construction to which *pro se* pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute to establishing a cause of action. *See GJR Invs., Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Plaintiff's Complaint is a mostly illegible, rambling, hand-written narrative, purportedly alleging a violation of her civil rights pursuant to Title VII of the Civil Rights Act of 1964, 42

U.S.C. §§ 2000(e) *et seq*. Plaintiff's Complaint alleges that she was harassed and stalked by employees of Defendant and states the "amount of suit" to be "5 billion dollars." (Dkt. No. 1.) It also asserts that "employee Dave" harassed Plaintiff in public "after [she] was a victim of a serious crime under investigation by law enforcement." (*Id*.) Additionally, Plaintiff attached to her Complaint her Charge of Discrimination filed with the Florida Commission on Human Relations.[1] In it, she states that she was harassed by employees of Defendant and that she was retaliated against by being harassed because of her EEOC charge against Defendant. The Complaint, however, contains no specific facts underlying the alleged retaliatory conduct on the part of Defendant. *See Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1277 (11th Cir. 2008) (stating that to establish a claim of retaliation under Title VII, a plaintiff must prove that he engaged in a statutorily protected activity, he suffered a materially adverse action, and there was some causal relation between the two events).

Thus, the Court finds that Plaintiff has failed to comply with Rule 8 of the Federal Rules of Civil Procedure which requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Moreover, the Court does not bear the responsibility of reviewing and deciphering a rambling narrative in an attempt to determine the number and nature of a plaintiff's claims. *See GJR Invs., Inc.*, 132 F.3d at 1369 (holding that while courts should

---

[1] The Court notes that Plaintiff did not attach a right-to-sue letter from the EEOC, which is a statutory precondition for bringing a Title VII claim. *See Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir.2001); *see also* 42 U.S.C. § 2000e-16(c).

show leniency to *pro se* litigants, "[y]et even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action").

The Court notes that although Plaintiff is proceeding *pro se*, she is a frequent litigant in this Court and has previously been advised of the pleading requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Wells v. Unknown*, Case No. 8:01-cv-1452-T-30MAP, Dkt. No. 5 (M.D. Fla. Sept. 12, 2001); *Wells v. David Gee*, Case No. 8:08-cv-00676-T-30TGW, Dkt. No. 4 (M.D. Fla. Apr. 21, 2008) (*adopted at* Dkt. No. 5).

Accordingly, the Court recommends that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED** and that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Dkt. No. 2) be **DENIED.**

**IT IS SO REPORTED** at Tampa, Florida on this 23rd day of April, 2010.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

## **NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

Copies furnished to:
Hon. Steven D. Merryday
Plaintiff, *pro se*